**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA SEEGERT,<br>Plaintiff,<br>v.<br>LUXOTTICA RETAIL NORTH AMERICA, INC.; and LUXOTTICA GROUP S.P.A.,<br>Defendants. | CASE NO. 17cv1372 JM(BLM)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Defendants Luxottica Retail North America Inc., dba LensCrafters and Luxotica Group S.P.A. ("Luxottica"), move to dismiss the First Amended Complaint ("FAC"). Plaintiff Sandra Seegert, on behalf of herself and all others similarly situated, opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters submitted appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss and grants Plaintiff 20 days leave to amend from the date of entry of this order.

## BACKGROUND

On October 26, 2018, Plaintiff filed the FAC alleging three causes of action for violation of California's (1) Unfair Competition Law ("UCL"), Bus & Prof §17200 et seq., (2) False Advertising Law ("FAL"), Bus & Prof §17500 et seq., and (3) Consumer Legal Remedies Act ("CLRA"), Civ Code §1750 et seq. Plaintiff asserts jurisdiction

pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2), and brings this action on behalf of herself and others similarly situated and defined as:

> All persons who, within the State of California, from July 5, 2013 through the present (the "Class Period"), purchased lenses offered at the discount promotion "__% Off Lenses with Frame Purchase" at a Lens Crafters retail store and who have not received a refund or credit for their purchase(s).

(FAC ¶38).

Luxottica, an Italian corporation, is alleged to be the largest eyewear company in the world, operating retail brands such as LensCrafters and Pearle Vision. LensCrafters operates 130 stores in California and over 880 stores nationwide. Defendants market prescription lenses and eyewear, and provide vision care services such as eye exams and customized fittings. (FAC ¶20).

On April 15, 2017, Plaintiff visited a LensCrafter's store where she received an eye examination and a prescription for lenses. Plaintiff observed a sign advertising "40% Off Lenses with Frame Purchase," (FAC ¶14), and purchased lenses and a frame from LensCrafters. Plaintiff alleges that the quoted phrase is deceptive and therefore actionable under California law. Plaintiff focuses on the regular price for the lenses.

> [T]he regular price for the lenses is a total fiction. The prescription lenses sold at the Lens Crafters' retail stores are never offered for sale, nor actually sold, at the regular price. Thus, the regular price is false and is used exclusively to induce consumers into believing that the lenses were once sold at the regular price and from which the false and discount and corresponding sale price is derived. Lens Crafters' deceptive pricing scheme has the effect of tricking consumers into believing they are receiving a significant deal by purchasing merchandise at a steep discount, when in reality, consumers are paying for merchandise at its regular or original retail price.

(FAC ¶5). Plaintiff alleges that she did not receive a "bona fide" discount because the lenses were not offered for sale or sold at the former (undiscounted) price within the 90-day period preceding Plaintiff's purchase. (FAC ¶16). All of Plaintiff's claims are based upon this premise.

/ / /

/ / /

## DISCUSSION

**Legal Standards**

Fed.R.Civ.P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient “to raise a right to relief above the speculative level.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint’s allegations must “plausibly suggest[]” that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). “The plausibility standard is not akin to a ‘probability requirement,’ but it asks for more than a sheer possibility that a defendant has acted unlawfully.” Id. at 678. Thus, “threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.” Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In

Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Fed.R.Civ.P. 9(b)

Under Rule 9(b), claims sounding in fraud, such as Plaintiff's claims for violation of the UCL, FAL, and CLRA, must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). Rule 9(b) is satisfied by allegations of the time, place, and nature of the alleged fraudulent statements. Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995), cert. denied, 116 S. Ct. 1422 (1996). Essentially, the plaintiff must set forth an explanation of why the disputed statement was untrue or misleading when made. Id.

**The Motion**

Applying the reasonable consumer standard to claims arising under the UCL, FAL, and CLRA, an advertisement, whether characterized as a promotion, offer, or marketing strategy, violates these statutes where it is "likely to deceive" the consumer. Laive v. Procter & Gamble Co., 105 CalApp.4th 496, 508 (2003).

> "Likely to deceive" implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.

Id. Given the factual nature of the inquiry, "California courts [] have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." Williams v. Gerber Products Co., 552 F.3d 934, 939 (9th Cir. 2008).

Plaintiff's central allegation is that the advertisement "40% Off Lenses With Frame Purchase" is deceptive. Plaintiff identifies no other allegedly deceptive characteristic of the advertisement (such as deceptive packaging, size of the font, etc.). Applying even a dim-witted consumer standard, the court concludes that the overwhelming proportion of consumers would construe this advertisement to mean that by purchasing frames the consumer would receive 40% off the list or regular price of

the lenses. Indisputably, Plaintiff construed the advertisement in this manner, as she purchased frames and received 40% off the list price of the lenses.

In constructing its deception argument, Plaintiff separately analyzes the phrase "40% Off Lenses" from the remainder of the advertisement, and then contends that the "40% Off" phrase - untethered to frame purchase - is deceptive. As explained by Plaintiff:

> Here, Defendants' Promotion has the capacity, likelihood, or tendency to mislead consumers because it deceives consumers into believing (incorrectly) that the lenses they purchase are steeply discounted from an "original" or "regular" price when, in fact, those reference prices were never the price at which Defendant sold the lenses in question. (FAC ¶¶ 3–5, 21, 25, 36.) In other words, consumers are lured into believing they are receiving a good deal by purchasing lenses that have a former price or value worth "___%" more than the sale price. (Id. ¶¶ 3–4, 15, 21, 25, 53, 67.) This conduct is systematic as Defendants uniformly advertise the Promotion of "___% Off Lenses with Frame Purchase" at each of its retail stores. (Id. ¶ 28.) Indeed, Plaintiff's Counsel's investigation revealed that Lens' Crafters' prescription lenses were never offered at a full price without a corresponding "___% Off" discount. (Id. ¶ 30.) Accordingly, Plaintiff alleges sufficient facts to demonstrate that the discounts represented by Defendants' Promotion represents a false savings and are certainly likely to mislead reasonable consumers.

(Oppo. at p. 6:7-19).

In other words, "Defendants' pricing was misleading because Defendants did not sell the prescription lenses at the full price absent the advertised '__%' discount in the three-month period preceding Plaintiff's purchase." (Oppo. at p.12:5-7). Plaintiff simply fails to set forth a reasoned basis why the failure to sell the lenses at list or regular price in the previous three-month period of time plausibly suggests that the advertisement at issue is deceptive under the UCL, FAL, or CLRA.

Rule 9(b) requires Plaintiff to plead her fraud claims with particularity. Plaintiff cannot meet her burden by alleging in conclusory fashion that the advertisement is deceptive because the lenses were not sold at list price. That is particularly true where the promotion at issue advertises "40% Off Lenses with Frame Purchase." From a practical point of view, the marketing strategy employed by LensCrafters virtually assures that lenses will not be sold separate and apart from the frames. By purchasing

lenses with frames under the promotion, a consumer obtains the frames at virtually no or little cost. Plaintiff alleges that she purchased regular priced frames for $120 and lenses at the discounted price of $179, originally $298.34. (FAC ¶15). In other words, Plaintiff purchased frames and lenses for $299. On the other hand, Plaintiff, like any other consumer, could have purchased the lenses without the frames for the same $299. While most consumers may desire to purchase prescription lenses with frames, some consumers may purchase new prescription lenses to be inserted into existing frames. Such an alternative is certainly and reasonably suggested by the promotion language. Accordingly, a reasonable consumer would not be deceived by the promotion "40% Off Lenses With Frame Purchase."

It is precisely because the 40% discount is tethered to and conditioned upon the purchase of a frame that the present case is distinguishable from Knapp v. Art.com, Inc., 2016 WL 3268995 (N.D. Cal. June 15, 2016), heavily relied upon by Plaintiff. The plaintiff in Knapp, brought similar statutory claims after he purchased an item advertised at a 40% discount on the "last day of the sale." The following day plaintiff discovered the item was available at 45% off. The district court denied a motion to dismiss because a reasonable consumer could conclude that the 40% language implied a discount from Art.com's former pricing. Moreover, Art.com's "perpetual" sale regime conceivably belied any true discount.

Here, in contrast, Defendants discount is linked neither to former pricing, nor temporally conditioned; rather it is conditioned upon the purchase of eyeglass frames. If Plaintiff were, however, to allege one could purchase the lenses at the same price, with or without frames, then Plaintiff's claims could be plausibly viable because the advertised discount would be rendered meaningless.

In light of the marketing strategy employed by Defendants, it is not surprising that Plaintiff alleges that LensCrafters never sold the lenses at regular or list price. (FAC ¶5). Rule 9(b) requires Plaintiff to explain the nature of the challenged statement and explain why the statement is untrue, deceptive or misleading. Simply alleging that

the statement, "40% Off Lenses With Frame Purchase," is deceptive because the lenses were never sold at list or regular price falls short of Plaintiff's pleading burden.

Plaintiff also requests leave to amend, but fails to explain how the FAC could be amended to comply with Rules 9(b) and 12(b). Notwithstanding, the liberal amendment policies of Fed.R.Civ.P. 15 favor Plaintiff's request for leave to amend. Plaintiff is advised that the failure to state a claim in a second amended complaint will likely result in the dismissal of the action with prejudice.

In sum, the court grants the motion to dismiss and grants Plaintiff 20 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: February 23, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties