1  **CARLSON LYNCH SWEET**
2  **KILPELA & CARPENTER, LLP**
   Todd D. Carpenter (CA 234464)
3  1350 Columbia Street, Suite 603
   San Diego, California 92101
4  Telephone: (619) 762-1900
   Facsimile: (619) 756-6991
5  tcarpenter@carlsonlynch.com

6  *Attorneys for Plaintiff*

7

8

9                 UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12 | SANDRA SEEGERT, on behalf of herself | Case No: 3:17-CV-1372-JM-BLM
   and all others similarly situated,

13                                  Plaintiff, | **SECOND AMENDED CLASS ACTION COMPLAINT**

14

15 v.                                          | 1. **Violation of California's Unfair Competition Laws ("UCL"); California Business & Professions Code Sections 17200, *et seq.*;**

16 LUXOTTICA RETAIL NORTH
   AMERICA, INC., an Ohio corporation
17 dba Lens Crafters, LUXOTTICA GROUP
   S.P.A., an Italian corporation, and DOES  | 2. **Violation of California's False Advertising Laws ("FAL"); California Business & Professions Code Sections 17500, *et seq.*;**
18 1 through 50, inclusive,

19                                  Defendants.

20

21                                            | 3. **Violations of California Consumer Legal Remedies Act ("CLRA"); California Civil Code Sections 1750, *et seq.***

22

23                                            | **[DEMAND FOR JURY TRIAL]**

24

25

26

27

28

Plaintiff SANDRA SEEGERT ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants LUXOTTICA RETAIL NORTH AMERICA, INC. DBA LENS CRAFTERS, and LUXOTTICA GROUP S.P.A. ("Lens Crafters" or "Defendants"), and states:

## I.   NATURE OF ACTION

1.   This class action targets Lens Crafters' unlawful, unfair, and fraudulent business practice of advertising fictitious prices and corresponding phantom discounts on the prescription lenses sold at their Lens Crafters' retail stores.  This practice of false reference pricing occurs where a retailer fabricates a fake regular, original, and/or former reference price, and then offers an item for sale at a deep "discounted" price.  Retailers also carry out this misleading discount practice with other methods such as, "buy one, get one free," or "buy one, get second for __% off."  Whatever the form of the discount, the result is the same: a sham price disparity is manufactured to mislead consumers into believing they are receiving a good deal, inducing them into making a purchase they would not have otherwise made.

2.   Lens Crafters utilizes false and misleading reference prices in the marketing and selling of prescription lenses at its Lens Crafters' retail stores.  Lens Crafters continuously offers a substantial discount on its prescription lenses with the purchase of any eyeglass or sunglasses frame at its retail stores. *See e.g.* Exhibit A, example of promotion. For example, Lens Crafters regularly promotes, "___% Off Lenses with Frame Purchase" (the "Promotion"). *See e.g., id.* This Promotion conveys to consumers that they are receiving a good deal by purchasing lenses that were formerly offered for sale or sold at a price that was "___ %" more before the discount is applied.   That "deal" however is a total myth—the lenses in question are <u>never</u> sold at the "original" price and, accordingly, the advertised discount is illusory.

3.    Specifically, Lens Crafters advertises its lenses for sale by displaying a large sign on the floor of its retail store that sets forth the "Exclusive Lens Options" along with corresponding images reflecting the purported quality of the image for each lens.  *See*

SECOND AMENDED CLASS ACTION COMPLAINT

Exhibit B, advertisement of prescription lenses.  That sign also displays the prices for each lens; however, the only prices reflected on the sign are the discounted prices taken after the Promotion.  *See id.*, (advertising that "Pricing includes 40% off lens offer (Frame purchase required)".  The "regular" or nondiscounted price of the lenses is not revealed to customers until after the transaction is complete, (*see* Exhibit C, Plaintiff's receipt showing original price of lenses before discount).  Lens Crafters' advertises through its Promotion that the discount taken off the lenses is a discount from the usual price of the lenses.  *See* Exhibits A-C.  Thus, the Promotion suggests to consumers that the sale price represents savings the customer receives from the regular price of the prescription lenses by purchasing the eyewear.  In other words, a reasonable customer reasonably believes she is receiving a bargain by purchasing the lenses at a "__% Off" discounted price.

4.    However, the regular price for the lenses is a ***total fiction***. The prescription lenses sold at the Lens Crafters' retail stores are <u>never</u> offered for sale, nor actually sold, at the regular price, with *or* without the purchase of eyewear.  Thus, the advertised regular price, from which Lens Crafters offers its fictitious discounts, is false and is used exclusively to induce consumers into believing they are receiving a bargain by purchasing lenses that were once sold at the regular price.  Lens Crafters' deceptive pricing scheme has the effect of tricking consumers into believing they are receiving a significant deal by purchasing merchandise at a steep discount, when in reality, consumers are actually paying for merchandise at its regular or original retail price.

5.    The advertised discounts are fictitious because the regular reference price for the lenses does not represent a *bona fide* price at which Lens Crafters previously sold a substantial (or any) quantity of the prescription lenses for a reasonable period of time as required by the Federal Trade Commission ("FTC").  *See* 16 C.F.R. § 233.1(a). In addition, the regular price of the lenses was not the prevailing market retail price within the three months immediately preceding the publication of the advertised former regular price, as required by California law.

6.     Through its false and misleading marketing, advertising, and pricing scheme, Lens Crafters violated and continues to violate, California and federal law prohibiting advertising goods for sale as discounted from former prices that are false, and prohibiting misleading statements about the existence and amount of price reductions.  Specifically, Lens Crafters violated and continues to violate: California's Unfair Competition Law, Business and Professions Code §§ 17200, *et seq.* (the "UCL"); California's False Advertising Law, Business and Professions Code §§ 17500, *et seq.* (the "FAL"); the California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.* (the "CLRA"); and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15 U.S.C. § 52(a)).

7.     Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased one or more Lens Crafters' prescription lenses in conjunction with the Promotion of "__% Off Lenses with Frame Purchase" at Defendant's Lens Crafters' retail stores.  Plaintiff seeks to halt the dissemination of this false, misleading, and deceptive pricing scheme, to correct the false and misleading perception it has created in consumer's minds, and to obtain redress for those who have purchased merchandise tainted by this deceptive pricing scheme.  Plaintiff also seeks to enjoin Lens Crafters from using false and misleading misrepresentations regarding retail price comparisons in their labeling and advertising permanently.  Further, Plaintiff seeks to obtain damages, and/or restitution, and other appropriate relief in the amount by which Lens Crafters was unjustly enriched as a result of its sales of merchandise offered at a false discount.

8.     Finally, Plaintiff seeks reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

SECOND AMENDED CLASS ACTION COMPLAINT

## II.    JURISDICTION AND VENUE

9.     This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interests and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from Lens Crafters.

10.     The Southern District of California has personal jurisdiction over the Defendants named in this action. Defendants Luxottica Retail North America, Inc. dba Lens Crafters and Luxottica Group S.p.A. are corporations or other business entities that are authorized to conduct and/or do conduct business in the State of California.  Lens Crafters intentionally avails itself of the California market through the ownership and operation of approximately 134 retail stores in California.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) because Lens Crafters transacts substantial business in this District.  A substantial part of the events giving rise to Plaintiff's claims arose here.

## III.    `PARTIES

### Plaintiff

12.     Plaintiff Sandra Seegert resides in San Diego, California.  Ms. Seegert, in reliance on Lens Crafters' false and deceptive advertising, marketing, and "discount" Promotion, purchased a pair of Gunmetal Grey Armani Exchange Eyeglasses, Style No. AX1020 and single vision Featherwates Classic Lenses, Standard Anti-Reflective prescription lenses on or about April 15, 2017 at a Lens Crafters retail store located in Westfield Plaza Bonita Mall at 3030 Plaza Bonita Road, National City, California 91950. Ms. Seegert went to Lens Crafters to look for a new pair of prescription glasses for herself.

13.     Upon walking into the store, Ms. Seegert saw a sign advertising the Promotion "40% Off Lenses with Frame Purchase."  The sign Ms. Seegert viewed looked similar to the sign pictured in Exhibit A.  Ms. Seegert continued to see the same Promotion offered on a couple signs within the Lens Crafter store.  Ms. Seegert interpreted the sign as offering

SECOND AMENDED CLASS ACTION COMPLAINT

a deal on the purchase price of the lenses, specifically, at an amount 40% off their former price.

14.     To facilitate her purchase, Ms. Seegert had an eye exam at the Lens Crafters retail store, and received her prescription.  Later that day, Ms. Seegert returned to the store to pick out frames and lenses. After trying on a few different styles, she ultimately selected a pair of Gunmetal Grey Armani Exchange Eyeglasses, Style No. AX1020.   Upon examining the frames, Ms. Seegert observed the price tag attached to the frames, which advertised the regular price of the frames as $120.00.  Ms. Seegert then spoke with a sales associate about the type of lenses she should purchase.   Ms. Seegert selected the Featherwates Classic Lenses, Standard Anti-Reflective prescription lenses for $179.00, originally priced at $298.34.  Based on that representation, Ms. Seegert reasonably believed that she would be getting a good deal if she purchased a pair of frames and received 40% off a pair of lenses that had a value significantly higher than the discounted price. In other words, Ms. Seegert believed Lens Crafters had, recently, sold the lenses she purchased for 40% more than the price she would pay.  In reliance on this perceived discount, Ms. Seegert purchased the lenses.

15.     However, the prescription lenses were <u>never</u> offered for sale or sold at the $298.34 price, with or without the purchase of a pair of eyeglasses.  Nor were the lenses offered for sale or sold at that the "original" price within the 90-day period immediately preceding Ms. Seegert's purchase.  Therefore, Ms. Seegert was damaged by her purchase of the prescription lenses.

**Defendant**

16.     Plaintiff is informed and believes, and upon such information and belief alleges, Defendant Luxottica Group, S.p.A. is an Italian corporation doing business in California.  Further, Plaintiff is informed and believes, and upon such information and belief alleges that Defendant Luxottica Group S.p.A. is the largest eyewear company in the world, operating optical retail brands such as Lens Crafters, Pearle Vision, and Sunglass

Hut and eyewear brands such as Ray-Ban, Oakley, and Oliver Peoples.  Defendant Luxottica Group, S.p.A. made over 10 billion dollars in net sales in 2015.

17.    Plaintiff is informed and believes, and upon such information and belief alleges, Defendant Luxottica Retail North America, Inc. dba Lens Crafters is an Ohio corporation with its headquarters located at 4000 Luxottica Place, Mason, Ohio 45040.

18.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50 inclusive, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members, as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## IV.    FACTUAL BACKGROUND

### The Fraudulent Sale Discounting Scheme

19.    Lens Crafters is the nation's largest optical retailer, with over 130 stores in California and over 880 stores nationwide.  Defendants sell prescription lenses and eyewear and, additionally, provide vision care services such as scheduled eye exams and customized fittings at its retail locations.  Defendants sell a variety of designer brand eyeglass and sunglass frames and offer various specialized lenses that are tailored to the customer's various needs such as single vision, bifocals, trifocals, progressive lenses, indoor/outdoor lenses, and night driving lenses, among others.  Defendants directly market their merchandise to consumers via in-store advertisements and their e-commerce website (lenscrafters.com).

20.    To drive purchases and sales, Lens Crafters engages in a scheme to defraud its customers by perpetually discounting prescription lenses in its retail stores.  Lens Crafters consistently advertises a large discounted sale price on its prescription lenses with the purchase of a pair of frames.  Specifically, Lens Crafters regularly offers a Promotion of "___% Off Lenses with Frame Purchase" and advertises this offer on a placard located

at the front of the store. *See e.g.* Exhibit A.  The sale price associated with the Promotion conveys to the customer a deeply discounted price at which the lenses are presently being offered for sale. *See e.g.* Exhibit B.  As addressed throughout, a reasonable consumer would interpret this Promotion as an offer to receive lenses at a bargain from their normal price if the customer also purchases a pair of eyeglass frames.

21.    The Promotion, however, is fictitious. At no time are the Lens Crafters' prescription lenses offered for sale at the regular price, either alone or in conjunction with the purchase of eyeglass frames.  Instead, the "regular" price is merely a false reference price, which, during the class period, Lens Crafters utilized to deceptively manufacture a deeply discounted sale price on the prescription lenses sold at the Lens Crafters retail stores.

22.    This practice is neither accidental nor incidental.  Rather, this practice is a deliberately fraudulent scheme intended to deceive consumers into: 1) making purchases they otherwise would not have made; and/or 2) paying substantially more for merchandise consumers believed was heavily discounted and thus, worth more than its actual value.

23.    Retailers, including Lens Crafters, understand that consumers will initiate purchases they would not otherwise have made based on the appearance that they are receiving a bargain.  Specifically, a discount from a product's "regular," "original," or "market" price matters to consumers because that reference price serves as the baseline from which consumers determine the value of the product they are purchasing at a discount. Here, Lens Crafters' regular price of their prescription lenses conveys to consumers, including Ms. Seegert, "the product's worth and the prestige that ownership of the product conveys." *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013) (citing Dhruv Grewal & Larry D. Compeau, Comparative Price Advertising: Informative or Deceptive?, 11 J. Pub. Pol'y & Mktg. 52, 55 (Spring 1992) ("By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product."); *id.* at 56 ("[E]mpirical studies indicate that as discount size increases,

SECOND AMENDED CLASS ACTION COMPLAINT

consumers' perceptions of value and their willingness to buy the product increase, while their intention to search for a lower price decreases.").

24.     Playing upon known consumer behavior, Lens Crafters' pricing advertisements uniformly include the same Promotion, (i.e. "___% Off with Frame Purchase"), to create the illusion of a discounted sale price for their prescription lenses from a reference or "original" price, thus conveying to the consumer illusory value that, in turn, drives a consumers purchasing decision.   This deliberate misinformation communicates to consumers, including Ms. Seegert, that the prescription lenses sold at the Lens Crafters retail stores have a greater value than the advertised sale price, namely, that the lenses are valued or regularly sold at "___%" more than currently advertised.

25.     As the Ninth Circuit recognizes, "[m]isinformation about a product's 'normal' price is . . . significant to many consumers in the same way as a false product label would be." *See Hinojos,* 718 F.3d at 1106.   Put another way, "[i]f everyone is getting a deal, is anyone really getting a deal?" David Streitfeld, *It's Discounted, but is it a Deal? How List Prices Lost Their Meaning*, New York Times, https://www.nytimes.com/2016/03/06/technology/its-discounted-but-is-it-a-deal-how-list-prices-lost-their-meaning.html, (March 6, 2016), last accessed April 28, 2017.

**Plaintiff's Counsel's Investigation**

26.     In the spring of 2015, Plaintiff's Counsel launched an investigation to observe and evaluate the pricing practices of dozens of San Diego County retail stores engaged in improper sale-discounting practices.   Plaintiff's Counsel tracked the stores by sending investigators into shopping malls, outlet malls, and other brick-and-mortar retail stores to observe and record the prices of the corresponding discounts on products offered for sale. Utilizing this data and online research, Plaintiff's Counsel identified retailers who were engaged in improper sale-discounting practices. Plaintiff's Counsel focused their investigation on retailers who advertised their products by utilizing "false" regular prices from which discounts were advertised and by identifying those retailers who were continuously advertising their products at discounted prices.

9

27.    Plaintiff's Counsel's investigation of Lens Crafters revealed that prescription lenses sold at the Lens Crafters' retail stores are priced uniformly.  Lens Crafters uniformly advertises the Promotion of "___% Off Lenses with Frame Purchase" at each of its retail stores, but never sells the same prescription lenses at the "original" or reference price, either with our without the purchase of a pair of eyeglass frames.  Furthermore, Plaintiff's Counsel's investigation confirmed that Lens Crafters' prescription lenses were priced with false discounts from illusory "regular" or reference prices throughout the 90-day period immediately preceding Plaintiff's purchase of her prescription lenses and eyeglass frames.

28.    Plaintiff's Counsel's investigation included observing the pricing practices at five Lens Crafters retail stores in San Diego County, including: 1640 Camino Del Rio North, San Diego, California 92108 ("Mission Valley"); 4353 La Jolla Village Drive, Suite H-20, San Diego, California 92122 ("La Jolla"); 3030 Plaza Bonita Road, Suite 1485, National City, California 91950 ("National City"); 539 Parkway Plaza, El Cajon, California 92020 ("El Cajon"); and 2665 B West Vista Way, Oceanside, California 92054 ("Oceanside").  The false regular price and corresponding purported discount-pricing scheme described in Paragraph 27 was both uniform and identical at every store investigated.

29.    The fraudulent discount pricing scheme applies to all prescription lenses offered on sale and sold at every Lens Crafters retail store, including the prescription lenses purchased by Ms. Seegert on April 15, 2017.  All prescription lenses were offered at a discounted sale price substantially less than their "regular" price for every day Plaintiff's Counsel's investigation was conducted and for well over 90 days at a time. Stated another way, during Plaintiff's Counsel's investigation, the prescription lenses were never offered at the full "regular" or reference price without a corresponding "___% Off" discount.  As such, the discounted price ("__% Off") advertised by Lens Crafters for their prescription lenses represents a false savings in violation of California law.

//
//

10

SECOND AMENDED CLASS ACTION COMPLAINT

**Plaintiff and the Class Are Injured by Lens Crafters' Deceptive Pricing Scheme**

30. The regular price advertised for Lens Crafters' prescription lenses are fake reference prices, utilized only to perpetuate Lens Crafters' fake discount scheme.

31. Defendants know that their comparative price advertising (the "Promotion") is false, deceptive, misleading, and unlawful under California and federal law.

32. Defendants fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the Class the truth about their advertised discount prices and former reference prices.

33. At all relevant times, Defendants have been under a duty to Plaintiff and the Class to disclose the truth about its false discounts.

34. Plaintiff relied upon Lens Crafters' artificially inflated regular price and false discount price when purchasing the prescription lenses and eyeglass frames from Lens Crafters. Specifically, Plaintiff relied upon Defendants' representation that the lenses were being offered at a discount: 40% off their former price or purported value. Plaintiff would not have made such purchase but for Lens Crafters' representations regarding the false regular price and the fictitious sale price of the merchandise after the Promotion. Plaintiff may in the future shop at Lens Crafters' retail stores.

35. Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price discount that Lens Crafters advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was. Plaintiff, like other Class members, was lured in, relied on, and was damaged by the deceptive pricing scheme that Lens Crafters carried out.

36. Defendants intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the Class to purchase merchandise in its Lens Crafters retail stores.

## V. CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks

certification of the following Class against Lens Crafters for violations of California state laws:

> All persons who, within the State of California, from July 5, 2013 through the present (the "Class Period"), purchased lenses offered at the discount promotion "__% Off Lenses with Frame Purchase" at a Lens Crafters retail store and who have not received a refund or credit for their purchase(s).

Excluded from the Class are Lens Crafters, as well as its officers, employees, agents, or affiliates, and any judge who presides over this action, as well as all past and present employees, officers, and directors of Lens Crafters.  Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

38.   ***Numerosity***: The class members are so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes that the proposed Class contains hundreds of thousands of individuals who have been damaged by Lens Crafters' conduct as alleged herein.  The precise number of Class members is unknown to Plaintiff.

39.   ***Existence and Predominance of Common Questions of Law and Fact***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

> a.   Whether, during the Class Period, Lens Crafters used false regular prices and falsely advertised price discounts on its lenses sold in its Lens Crafters retail stores;
>
> b.   Whether, during the Class Period, the regular prices advertised by Lens Crafters were the prevailing market prices for the respective Lens Crafters merchandise during the three months preceding the dissemination and/or publication of the advertised former prices;

c.    Whether Lens Crafters' alleged conduct constitutes violations of the laws asserted;

d.    Whether Lens Crafters engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

e.    Whether Lens Crafters engaged in false or misleading advertising;

f.    Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

g.    Whether an injunction is necessary to prevent Lens Crafters from continuing to use false, misleading, or illegal price comparison.

40.    ***Typicality***: Plaintiff's claims are typical of the claims of the Class members because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Lens Crafters' false and deceptive price advertising scheme, as alleged herein.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class members.

41.    ***Adequacy***: Plaintiff will fairly and adequately protect the interests of the Class members.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interest to those of the Class.

42.    ***Superiority***: The nature of this action and the nature of the laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to her and the Class for the wrongs alleged.  The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Lens Crafters.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Lens Crafters will be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

SECOND AMENDED CLASS ACTION COMPLAINT

43.     All Class members, including Plaintiff, were exposed to one or more of Lens Crafters' misrepresentations or omissions of material fact claiming that former prices were in fact *bona fide*.  Due to the scope and extent of Lens Crafters' consistent false "discount" price advertising scheme, disseminated in a years-long campaign to California consumers, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in Lens Crafters' false advertising scheme when she purchased her prescription lenses and eyeglass frames at the Lens Crafters retail store.

44.     Lens Crafters keeps extensive computerized records of its customers through, *inter alia*, customer loyalty rewards programs and general marketing programs.  Lens Crafters has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of California's Unfair Competition Law ("UCL")**
**California Business & Professions Code Section 17200,** *et seq.*

45.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

46.     The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code § 17200.

47.     The UCL imposes strict liability.  Plaintiff need not prove that Lens Crafters intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

*"Unfair" Prong*

SECOND AMENDED CLASS ACTION COMPLAINT

48.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

49.     Lens Crafters' actions constitute "unfair" business practices because, as alleged above, Lens Crafters engaged in misleading and deceptive price comparison advertising that represented false regular prices and corresponding deeply discounted sale prices.  The original prices for the lenses were nothing more than fabricated "regular" prices leading to phantom markdowns.  Lens Crafters' acts and practices offended an established public policy of transparency in pricing, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

50.     The harm to Plaintiff and Class members outweighs the utility of Lens Crafters' practices.  There were reasonably available alternatives to further Lens Crafters' legitimate business interests other than the misleading and deceptive conduct described herein.

### *"Fraudulent" Prong*

51.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

52.     Lens Crafters' acts and practices alleged above constitute fraudulent business acts or practices as they have deceived Plaintiff and are highly likely to deceive members of the consuming public.  Plaintiff relied on Lens Crafters' fraudulent and deceptive representations regarding its regular prices for the prescription lenses that Lens Crafters sells at its retail stores.  For instance, the "__% Off" promotion conveys to customers that they are getting a good deal on purchasing lenses that were originally offered at a value of that "__%" more before the discount is applied. These misrepresentations played a substantial role in Plaintiff's decision to purchase those products at steep discounts, and

Plaintiff would not have purchased those products without Lens Crafters' misrepresentations.

///

///

### *"Unlawful" Prong*

53.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

54.     Lens Crafters' acts and practices alleged above constitute unlawful business acts or practices as they have violated state and federal law in connection with their deceptive pricing scheme.   The Federal Trade Commissions Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements.   15 U.S.C. § 52(a).   Under the Federal Trade Commission, false former pricing schemes, similar to the ones implemented by Lens Crafters, are described as deceptive practices that would violate the FTCA:

(a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.   If the former priced is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one.   If, on the other hand, the former price being advertised is not bona fide but fictitious—***for example, where an artificial, inflated price was established for the purpose of enabling a subsequent offer of a large reduction—the "bargain" being advertised is a false one***; the purchaser is not receiving the unusual value he expects.   In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made.   The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16

16 C.F.R. § 233.1(a) and (b) (emphasis added).

55.    In addition to federal law, California law also expressly prohibits false former pricing schemes.   California's False Advertising Law, Bus. & Prof. Code § 17501, ("FAL"), entitled *"Worth or value; statements as to former price,"* states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market priced, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> ___No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement___ or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501(emphasis added).

56.    As detailed in Plaintiff's Third Cause of Action below, the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), ("CLRA"), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

57.    The violation of any law constitutes an "unlawful" business practice under the UCL.

58.    As detailed herein, the acts and practices alleged were intended to or did result in violations of the FTCA, the FAL, and the CLRA.

59.    Lens Crafters' practices, as set forth above, have misled Plaintiff, the proposed Class, and the public in the past and will continue to mislead in the future. Consequently, Lens Crafters' practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

60.    Lens Crafters' violation of the UCL, through its unlawful, unfair, and fraudulent business practices, are ongoing and present a continuing threat that Class

members and the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated regular prices and substantially discounted sale prices.  These false comparisons created phantom markdowns and lead to financial damage for consumers like Plaintiff and the Class.

61.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief and order Lens Crafters to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all Lens Crafters' revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

### SECOND CAUSE OF ACTION
**Violation of California's False Advertising Law ("FAL")**
**California Business and Professions Code Section 17500, *et seq.***

62.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

63.     Cal. Bus. & Prof. Code § 17500 provides:

It is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is ***untrue or misleading***, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . (Emphasis added).

64.     The "intent" required by Section 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

65.     Similarly, this section provides that "no price shall be advertised as a former price of any advertised thing, unless the alleged former prices was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement."  Cal. Bus. & Prof. Code § 17501.

SECOND AMENDED CLASS ACTION COMPLAINT

66.     Lens Crafters' routine of advertising discounted prices from false regular prices, which were never the prevailing market prices of those products and were materially greater than the true prevailing prices, was an unfair, untrue, and misleading practice. This deceptive marketing practice gave consumers the false impression that the lenses were regularly sold on the market for a substantially higher price than they actually were; therefore, leading to the false impression that the lenses sold at the Lens Crafters retail stores were worth more than they actually were. The advertised Promotion of "___% Off Lenses with Frames Purchase" conveys to the consumer that the former or original price of the lenses were valued at that "__%" more, and that they are receiving a bargain by purchasing lenses at a discount reflected by that advertised "__%" discount.

67.     Lens Crafters misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code alleged above.

68.     As a direct and proximate result of Lens Crafters' misleading and false advertisements, Plaintiff and the Class have suffered injury in fact and have lost money. As such, Plaintiff requests that this Court order Lens Crafters to restore this money to Plaintiff and all Class members, and to enjoin Lens Crafters from continuing these unfair practices in violation of the UCL in the future. Otherwise, Plaintiff, Class members, and the broader public will be irreparably harmed and/or denied an effective and complete remedy.

**THIRD CAUSE OF ACTION**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code Section 1750, *et seq*.**

69.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

70.     This cause of action is brought pursuant to the CLRA, Cal. Civ. Code § 1750, *et seq*. Plaintiff and each member of the proposed Class are "consumers" as defined by Cal. Civ. Code § 1761(d). Lens Crafters' sale of their merchandise to Plaintiff and the Class were "transactions" within the meaning of Cal. Civ. Code § 1761(e). The products

SECOND AMENDED CLASS ACTION COMPLAINT

purchased by Plaintiff and the Class are "goods" within the meaning of Cal. Civ. Code § 1761(a).

71.     Lens Crafters violated and continues to violate the CLRA by engaging in the following practices proscribed by Cal. Civ. Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Lens Crafters products:

> a.     Advertising goods or services with intent not to sell them as advertised; (a)(9);
>
> b.     Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions; (a)(13).

72.     The Promotion at issue ("___% Off") conveys to consumers the lenses have a former price that much greater than the advertised discount price, when in reality, Defendant never offered for sale or sold the lenses at the full former price.

73.     Pursuant to Section 1782(a) of the CLRA, on July 5, 2017, Plaintiff's counsel notified Lens Crafters in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Lens Crafters' intent to act.

74.     Defendant failed to appropriately respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act.  Therefore, Plaintiff seeks claims for actual and punitive damages, or in the alternative, restitution and injunctive relief, as is provided for pursuant to § 1780(a).

## VII.     PRAYER FOR RELIEF

75.      Wherefore, Plaintiff, on behalf of herself and all other members of the Class, requests that this Court award relief against Lens Crafters as follows:

> a.     An order certifying the Class and designating Sandra Seegert as the Class Representative and her counsel as Class Counsel;

SECOND AMENDED CLASS ACTION COMPLAINT

1     b.   Awarding Plaintiff and the proposed Class members damages, or in the

2       alternative, awarding restitution and disgorgement of all profits and

3       unjust enrichment that Lens Crafters retained from Plaintiff and the

4       Class members as a result of its unlawful, unfair, and fraudulent

5       business practices described herein, as well declaratory and injunctive

6       relief as permitted by law or equity, including: enjoining Lens Crafters

7       from continuing the unlawful practices as set forth herein, and directing

8       Lens Crafters to identify with Court supervision, victims of its

9       misconduct and pay them all money they are required to pay;

10     c.   Awarding attorneys' fees and costs; and

11     d.   For such other and further relief as the Court may deem necessary or

12       appropriate.

## VIII.   DEMAND FOR JURY TRIAL

14     76.   Plaintiff hereby demands a jury trial for all the claims so triable.

16   Dated: March 15, 2018        **CARLSON LYNCH SWEET**

17                **KILPELA & CARPENTER, LLP**

18                */s/ Todd D. Carpenter*

19                Todd D. Carpenter (CA 234464)

              1350 Columbia Street, Suite 603

20                San Diego, California 92101

              Telephone: (619) 762-1900

21                Facsimile: (619) 756-6991

              tcarpenter@carlsonlynch.com

22

23                *Attorneys for Plaintiff*

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C

Exhibit C
Page  1 of 2

# LENSCRAFTERS  

Plaza Bonita Eye-Ca
3030 Plaza Bonita Road, Spc 1485
National City, CA 91950-8009
619-267-8500

Receipt #: 1026004
                    Date: 4/15/17 @ 8:49 PM
Store: 137        Register: 1
Cashier: Christina 524747
Salesperson: Christina 524747

| Item | Qty | Price | Amount |
|------|-----|-------|--------|
| Order For Sandra Seegert | | | |
| Sales Order 1010163090137 | | | |
| | | | |
| AX1020, Gun Mat, 54/17/145 | | | |
| 8053672626971 | 1 | 120.00 | 120.00 |
| | | | |
| SV Fea Classic Std AR (Poly) | | | |
| 20500000356687 | 1 | 298.34 | 179.00 |

Single Vision 0101 65 Asph
Poly Fthrwts Classic Std AR 3011
UV400
Standard AR
754449-40% OFF LENSES (40%) (119.34)

|  | Subtotal | 299.00 |
|--|----------|--------|
|  | Tax | 0.00 |
|  | **Total** | **299.00** |

MasterCard                  $235.29
    ***********0510
    Auth #: H48427
    Transaction Type: Sale
    Entry Method: Swiped
    Auth Time: 8:48 PM

Exhibit C
Page 2 of 2