# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SEEGERT,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LUXOTTICA RETAIL NORTH AMERICA, INC.; and LUXOTTICA GROUP S.P.A.,<br><br>　　　　　　　Defendants. | CASE NO. 17cv1372 JM(BLM)<br><br>ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT; GRANTING LEAVE TO AMEND |

Defendants Luxottica Retail North America Inc., dba LensCrafters and Luxotica Group S.P.A., (collectively "LensCrafters"), move to dismiss the Second Amended Complaint ("SAC") for failure to state a claim. Plaintiff Sandra Seegert, on behalf of herself and all others similarly situated, opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters submitted appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss with 14 days leave to amend from the date of entry of this order.

## BACKGROUND

The SAC, filed on March 15, 2018, alleges three causes of action for violation of California's (1) Unfair Competition Law ("UCL"), Bus & Prof §17200 et seq., (2) False Advertising Law ("FAL"), Bus & Prof §17500 et seq., and (3) Consumer Legal Remedies Act ("CLRA"), Civ Code §1750 et seq. Plaintiff asserts jurisdiction pursuant

to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2), and brings this action on behalf of herself and others similarly situated and defined as:

> All persons who, within the State of California, from July 5, 2013 through the present (the "Class Period"), purchased lenses offered at the discount promotion "__% Off Lenses with Frame Purchase" at a Lens Crafters retail store and who have not received a refund or credit for their purchase(s).

(SAC ¶37).

Luxottica, an Italian corporation, is alleged to be the largest eyewear company in the world, operating retail brands such as LensCrafters and Pearle Vision. LensCrafters operates 130 stores in California and over 880 stores nationwide. Defendants market prescription lenses and eyewear, and provide vision care services such as eye exams and customized fittings. (SAC ¶16).

On April 15, 2017, Plaintiff visited a LensCrafter's store where she received an eye examination and a prescription for lenses. Plaintiff observed a sign advertising "40% Off Lenses with Frame Purchase," (SAC ¶13), and purchased lenses and a frame from LensCrafters. Plaintiff purchased frames for $120 and purchased lenses for $179 (a 40% discount from the original price of $298.34). (SAC ¶14). Plaintiff alleges that she believed that she received a "good deal" because "LensCrafters had, recently, sold the lenses she purchased for 40% more than the price she would pay." Id.

The central allegation underlying Plaintiff's theory of deception is that "Plaintiff was not receiving a bona fide discount because the prescription lenses she purchased were never offered for sale or sold at their original price within the 90-day period immediately preceding Plaintiff's purchase." (Oppo. at p.3:3-6; SAC ¶15). "At no time are the LensCrafters' prescription lenses offered for sale at the regular price, either alone or in conjunction with the purchase of eyeglass frames." (Id. at ¶21).

In support of its deception theory, Plaintiff alleges that her investigators observed pricing practices at five LensCrafter retail stores in San Diego, California. (SAC ¶28). This investigation revealed that the advertisement, "40% Off Lense with Frame Purchase" was uniform in all five stores. (SAC ¶27). Plaintiff then concludes

that "Plaintiff's counsel confirmed that LensCrafters' prescription lenses were priced with false discounts from illusory regular or reference prices." Id. This "confirmed" investigation apparently refers to a spring 2015 counsel investigation that concluded that certain unidentified retailers were using "false regular prices from which discounts were advertised." (SAC ¶26). The SAC sheds no further light on the nature of that investigation.

On February 23, 2018, the court granted LensCrafter's motion to dismiss for failure to state a claim, with leave to amend. ("Order").[1] Plaintiff timely filed the SAC.

## DISCUSSION

**Legal Standards**

Fed.R.Civ.P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th

---

[1] The court incorporates its Order herein.

Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Fed.R.Civ.P. 9(b)

Under Rule 9(b), claims sounding in fraud, such as Plaintiff's claims for violation of the UCL, FAL, and CLRA, must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). Rule 9(b) is satisfied by allegations of the time, place, and nature of the alleged fraudulent statements. Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995), cert. denied, 116 S. Ct. 1422 (1996). Essentially, the plaintiff must set forth an explanation of why the disputed statement was untrue or misleading when made. Id.

**The Motion**

As with the earlier motion to dismiss, the issue is whether Plaintiff satisfies Rule 9(b) in pleading that LensCrafter's promotion is deceptive. As noted in the previous Order,

> "[l]ikely to deceive" implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.

Laive v. Procter & Gamble Co., 105 CalApp.4th 496, 508 (2003). Given the factual nature of the inquiry, "California courts [] have recognized that whether a business

- 4 -

1  practice is deceptive will usually be a question of fact not appropriate for decision on
2  demurrer." Williams v. Gerber Products Co., 552 F.3d 934, 939 (9th Cir. 2008).

3  Plaintiff's central allegation is that the promotion or advertisement, "40% Off
4  Lenses With Frame Purchase," is deceptive.[2] Plaintiff identifies no other allegedly
5  deceptive characteristic of the advertisement (such as deceptive packaging, size of the
6  font, etc.). In constructing its deception argument, Plaintiff alleges that the lenses
7  "were never offered at full price" and never sold at the original price either with or
8  without the purchase of eyeglass frames and, therefore, the promotion is materially
9  deceptive. (SAC ¶¶4, 5, 21, 29). In large part, Plaintiff argues that these conclusory
10 allegations are sufficient under Rule 9(b) to describe the nature of the consumer fraud
11 with particularity because Plaintiff's counsel conducted a pre-suit investigation.

12  In the spring of 2015, Plaintiff's counsel "launched" an investigation into the
13 pricing practices of dozens of retail stores in San Diego County that were engaged in
14 allegedly improper sale-discounting policies. (SAC ¶26). The investigation focused
15 on advertisers who utilized "false" regular prices and the investigators recorded the
16 prices of the "corresponding discounts on products offered for sale." Id. Plaintiff's
17 counsel investigated five San Diego LensCrafters retail stores and concluded that the
18 lenses were never sold at the regular undiscounted price "either with our [sic] without
19 the purchase of a pair of eyeglass frames." (SAC ¶27). "Furthermore, Plaintiff's
20 Counsel's investigation confirmed that Lens Crafters' prescription lenses were priced
21 with false discounts from illusory 'regular' or reference prices." (SAC ¶27).

22  Rule 9(b) requires Plaintiff to plead her fraud claims with particularity. This
23 requires a plaintiff to conduct a pre-complaint investigation "in sufficient depth to
24 assure that the charge of fraud is responsible and supported." Ackerman v. Nw. Mut.
25 Life Ins. Co., 172 F.3d 467, 469 (7thCir. 1999). Plaintiff's artfully pled and conclusory
26 allegations fail to comply with Rule 9(b).

---

[2] As set forth in the Order, the court found that the promotion is not inherently false or misleading because the 40% discount is conditioned upon the purchase of eyeglass frames. (Order at p.6:20-21).

Plaintiff specifically alleges that LensCrafters ***never*** sells its lenses at the full or original price, with or without the purchase of eyeglass frames, such that its promotion is materially deceptive and misleading. The so-called particular facts supporting this allegation are simply conclusions based upon an investigation by Plaintiff's counsel that "confirmed" and "concluded" that "the prescription lenses were priced with false discounts from illusory 'regular' or reference prices," and never sold at the original price, with or without the purchase of eyeglass frames. (SAC ¶27). These conclusory allegations are insufficient to state a claim under Rule 9(b), particularly in light of the apparently inadequate pre-complaint investigation.[3]

Given the investigation by Plaintiff's counsel at five different San Diego LensCrafter's locations, it is virtually inconceivable that the investigators did not attempt to purchase, or otherwise cause to be purchased, prescription lenses, without also purchasing eyeglass frames, or to take other affirmative steps to investigate the central claim. While the parties have likely expended substantial resources to date, conspicuously absent from the allegations in the SAC is any reference to a purchase or an attempted purchase of comparable lenses, without frames. Such a straight-forward effort would not have required the commencement of formal discovery, as asserted by Plaintiff, and would provide particular facts to support or negate Plaintiff's central claim that LensCrafters never sells prescription lenses at the original price.

As a predicate to filing a claim, one would logically assume that Plaintiff's investigators conducted a thorough investigation and obtained specific information to support (or negate) Plaintiff's conclusory claims. Whatever the nature and extent of Plaintiff's undisclosed investigation, the SAC fairs no better than the First Amended

---

[3] In an unpublished opinion, Sperling v. DSWC, Inc., 699 Fed. Appx. 654 (9th Cir. 2017), the Ninth Circuit affirmed the dismissal with prejudice of a consumer class action deceptive advertising complaint. The defendant's price tags displayed the manufacturer's suggested retail price ("MSRP") as a "compare at" price. Plaintiff alleged that the shoes were priced elsewhere at a price below the MSRP. The Ninth Circuit affirmed the district court determination that the complaint failed to comply with Rule 9(b) by "alleging sufficient facts to show with particularity how or why displaying the MSRP as a 'compare at' price was false or deceptive."

Complaint in stating claims for violation of the UCL, FAL, and CLRA.

At a minimum, Plaintiff contends that she should be permitted to conduct discovery because pricing matters "are exclusively" within LensCrafter's knowledge. (Oppo. at p.8:14-24). The court rejects Plaintiff's arguments that Moore v. Kayport Package Express, Inc., 885 F.2d 531 (9th Cir. 1989), and the more recent Rubenstein v. Neiman Marcus Group LLC, 687 Fed. Appx 564 (9th Cir. 2017), provide compelling support for discovery under the present circumstances. In light of the investigation by Plaintiff's counsel at five different LensCrafters' locations, Plaintiff represents that the lenses were *never* sold at full price. Notably, Plaintiff must have some factual basis for this conclusory allegation - even though the factual basis is not set forth in the SAC. The fact that the brief and nondescript alleged investigation "confirmed" the SAC's conclusory allegations, without more, does not satisfy Rule 9(b). See Yourish v. California Amplifier, 191 F.3d 983, 994 (9th Cir. 1999) (a plaintiff does not satisfy Rule 9(b) by identifying a representation and then claiming that the representation is untrue and contradicted by facts within the exclusive possession of the defendant).

Finally, the court highlights that Fed.R.Civ.P. 1 instructs the court and parties to seek the just, speedy, and inexpensive determination of every action. The basic philosophical principle behind the rule is to promote effective advocacy. See 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1011, at 60 (3d ed. 2002); see also In re Paris Air Crash of Mar. 3, 1974, 69 F.R.D. 310, 318 (C.D. Cal. 1975) ("The most important rule of all is the last sentence of Fed.R.Civ.P. 1 . . . . It is this command that gives all the other rules life and meaning and timbre in the realist world of the trial court."). Pleading generalized and conclusory allegations, when Rule 9(b) requires particularity, does not advance the goals of Rule 1.

In sum, the motion to dismiss is granted with leave to amend.

**Leave to Amend**

The court notes that the SAC is the third complaint filed by Plaintiff, and fairs no better in stating a claim than the FAC. Furthermore, unlike in her earlier opposition,

Plaintiff does not specifically seek leave to file a Third Amended Complaint ("TAC"). Notwithstanding, the court grants Plaintiff one final opportunity to amend should she desire to do so.

In sum, the court grants the motion to dismiss with 14 days leave to amend from the date of entry of this order. Should Plaintiff elect to not amend further, Defendants may prepare and submit a proposed dismissal of the action with prejudice.

**IT IS SO ORDERED.**

DATED: July 19, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties